UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIK BOBADILLA RODRIGUEZ,<br><br>                            Petitioner,<br><br>        v.<br><br>ALBERTO GONZALES, *et al.*,<br><br>                            Respondents. | CASE NO.  C05-2082-RSM-MJB<br><br>REPORT AND RECOMMENDATION |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

On December 16, 2005, petitioner filed, through counsel, a Petition for Writ of Habeas Corpus, and Complaint for Declaratory, Injunctive Relief, and a Stay of Voluntary Departure pursuant to 28 U.S.C. § 2241.  (Dkt. #1).  At the same time, petitioner also filed an Ex Parte Motion for Interim Injunction Staying Removal and Voluntary Departure, seeking an emergency stay of removal and voluntary departure.  (Dkt. #2).  Petitioner argues that U.S. Immigration and Customs Enforcement ("ICE") improperly denied his request to extend his voluntary departure on the basis that he has already been granted the maximum allowable under the law and is, therefore, prohibited from applying for or being granted any further voluntary departure.  (Dkt. #1 at 6).  Petitioner contends that the agency's decision is contrary to the Transitional

REPORT AND RECOMMENDATION
PAGE – 1

Rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), under which there is no statutory limit on the voluntary departure period. Petitioner seeks an order from the Court granting an extension of voluntary departure for a period of twelve months, or, in the alternative, requiring respondents to evaluate his request for voluntary departure in accordance with the law. The Court subsequently entered an order temporarily granting petitioner's request for stay. (Dkt. #7). On February 8, 2006, respondents filed a return and motion to dismiss. (Dkt. #14). Respondents agree that petitioner's removal proceedings were governed by the Transitional Rules, but argue that the Transitional Rules do not apply to petitioner's subsequent request for an extension of voluntary departure made by the District Director. Respondents also argue that this Court lacks subject matter jurisdiction over petitioner's case.

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #1) be GRANTED and respondents' motion to dismiss (Dkt. #14) be DENIED.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner Erik Bobadilla Rodriguez is a native and citizen of Mexico. (Dkt. 16 at R89). On or about November 27, 1990, he entered the United States with his mother without inspection at or near San Ysidro, California, when he was three years old. (Dkt. #16 at R4, R14). He is currently eighteen years old and a high school student at Lynden High School in Lynden, Washington.

On April 1, 1994, petitioner and his mother were served with Orders to Show Cause, placing them in removal proceedings, and charging them with being removable for entering the United States without inspection under Section 241(a)(1)(B) of the Immigration and Nationality Act ("INA"). (Dkt. #16 at L1-4). On September 14, 1994, petitioner and his mother appeared,

with counsel, for a consolidated hearing before an Immigration Judge ("IJ"). (Dkt. #16 at L180-92). Both petitioner and his mother conceded proper service and answered the allegations contained in the Orders to Show Cause. (Dkt. #16 at L190). On March 6, 1995, petitioner and his mother filed applications for suspension of deportation. (Dkt. #16 at L13-15). On January 11, 1996, the IJ issued an oral decision denying both petitioner's and his mother's applications for suspension of deportation, but granting them voluntary departure until July 11, 1996, in lieu of deportation.[1] (Dkt. #16 at L194). Petitioner and his mother timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On August 3, 1999, the BIA denied their appeal, but, pursuant to the IJ's order, permitted them to voluntarily depart the United States within 30 days. (Dkt. #16 at L222-25).

Petitioner and his mother did not depart the United States. On July 9, 2003, they filed motions to reopen to determine their eligibility to apply for suspension of deportation based on a settlement agreement reached in the class action entitled *Barahona-Gomez v. Ashcroft*, 243 F. Supp. 2d 1029 (N.D. Cal. December 18, 2002). (Dkt. #16 at L27). On October 6, 2003, pursuant to the settlement agreement, the BIA reopened the deportation proceedings *sua sponte*, vacated its prior decision, and remanded to the Immigration Court to allow petitioner and his mother to apply for "renewed suspension" of deportation. (Dkt. #16 at L227-28). At the Individual Hearing on December 16, 2004, the IJ granted petitioner's mother's applications for adjustment of status and suspension of deportation, but found petitioner ineligible to adjust his status and denied his application for suspension of deportation. The IJ granted petitioner voluntary departure from the United States pursuant to pre-IIRIRA INA § 244(e)(1), 8 U.S.C. §

---

[1] Voluntary departure allows an alien to leave the United States without being subject to the legal consequences that flow from a deportation order. 8 U.S.C. § 1182(a)(6)(B).

REPORT AND RECOMMENDATION
PAGE – 3

1254(e)(1996), for one year, until December 16, 2005. (Dkt. #16 at R123, R128). Petitioner waived appeal of the IJ's decision.

On November 23, 2005, approximately one month before his voluntary departure date, petitioner requested extension of his voluntary departure so that he could complete his education and continue to help care for his mentally disabled U.S. citizen brother. (Dkt. #16 at R51-54). On December 2, 2005, Field Office Director A. Neil Clark denied petitioner's request for extension of voluntary departure, stating:

> The amount of time that you have been granted to depart voluntarily is the maximum allowable under the law in your situation. You are, therefore, prohibited from applying for or being granted any further voluntary departure.

(Dkt. #16 at R167).

Petitioner filed the instant habeas petition on December 16, 2005. (Dkt. #1). Respondents filed their return and motion to dismiss on February 8, 2006. (Dkt. #14). Petitioner filed his response on February 27, 2006. (Dkt. #17). Respondents filed their reply on March 10, 2006. (Dkt. #21). The petition and motion to dismiss are now ready for review.

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

Petitioner contends that ICE's denial of his request for an extension of voluntary departure is inconsistent with the provisions of pre-IIRIRA statutes and regulations, under which there is no statutory limit on the voluntary departure period, and the regulations allow the District Director to grant unlimited extensions to the voluntary departure period. INA § 244(e); 8 C.F.R. § 1240.57. Respondents argue that this Court lacks subject matter jurisdiction over this case. Respondents contend that INA § 242(g) prohibits petitioner's claims because they "arise from" his deportation order. (Dkt. #14 at 7).

REPORT AND RECOMMENDATION
PAGE – 4

Section 242(g) provides:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising form the decision or action by the Attorney General to <u>commence proceedings</u>, <u>adjudicate cases</u>, or <u>execute removal orders</u> against any alien under this chapter.

8 U.S.C. § 1252(g)(emphasis added). In *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482, 119 S. Ct. 336 (1999), the Supreme Court held that Section 242(g) should be read narrowly so as to apply to "only three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" The Ninth Circuit has since "heeded the Supreme Court's directive and construed [242(g)] so as to apply only to those aspects of the deportation process *specifically* referred to in the statutory language." *Sissoko v. Rocha*, 440 F.3d 1145, 1156 (9th Cir. 2006)(citing *Wong v. U.S.*, 373 F.3d 952, 963-64 (9th Cir. 2004); *U.S. v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004)). This case does not fall into one of those three categories, and, therefore, Section 242(g) does not deprive this Court of jurisdiction. Rather, petitioner's claims are unaffected by Section 242(g) because they constitute a general collateral challenge to the agency's practices and policies. *See Walters v. Reno*, 145 F.3d 1032, 1052 (9th Cir. 1998).

Respondents cite *Tutu v. Blackman*, 9 F. Supp. 2d 534 (E.D. Penn. 1998), and *Saccoh v. I.N.S.*, 24 F. Supp. 2d 406 (E.D. Penn. 1998), in support of their argument that Section 242(g) bars this Court from reviewing petitioner's habeas petition. (Dkt. #14 at 7). In *Tutu*, the Pennsylvania district court held that the District Director's denial of the petitioner's request for an extension of voluntary departure was an action to "execute" a removal order. *Tutu*, 9 F. Supp. 2d at 537. Similarly, in *Saccoh*, the court found that the Attorney General's denial of petitioner's request for an extension of voluntary departure was a decision to execute a

REPORT AND RECOMMENDATION
PAGE – 5

deportation order and may not be reviewed according to INA § 242(g).  *Saccoh*, 24 F. Supp. 2d at 408.  However, both *Tutu* and *Saccoh* predate the Supreme Court's decision in *American-Arab*, and are inconsistent with the Court's directive that 242(g) be read narrowly.  *American-Arab*, 525 U.S. at 482.  Furthermore, the Supreme Court made clear its disapproval of the "unexamined assumption that [242(g)] covers the universe of deportation claims – that is a sort of 'zipper' clause that says 'no judicial review of deportation cases unless this section provides judicial review.'"  *Id*.  Indeed, the Supreme Court found it "implausible that the mention of three discrete events along the road to deportation was a shorthand way of referring to all claims arising from deportation proceedings."  *Id*.  Additionally, the Ninth Circuit has specifically held that INA § 242(g) does not deprive the district court of habeas jurisdiction.  *See Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1044 (9th Cir. 2000); *Barapind v. Reno*, 225 F.3d 1100, 1109-10 (9th Cir. 2000); *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

This Court finds that the District Director's determination about which law to apply does not "arises from" the execution of the deportation order.  Accordingly, 242(g) does not bar this Court's review of petitioner's habeas petition.

In their motion to dismiss, respondents also contend that INA § 242(a)(2)(B)(ii) and IIRIRA § 309(c)(4)(E), deprive this Court of jurisdiction to review the discretionary decision of the District Director to deny petitioner's request for extension of the voluntary removal period.  (Dkt. #14 at 8-11).  However, respondents now concede in their reply brief that this Court has jurisdiction to review respondents' challenge to the legal determination made by the District Director under INA § 242(a)(2)(B)(ii) and IIRIRA § 309(c)(4)(e).  (Dkt. #21 at 3).

REPORT AND RECOMMENDATION
PAGE – 6

B. <u>Voluntary Departure</u>

Under IIRIRA, deportation proceedings initiated prior to April 1, 1997, for which a final order of deportation is issued after October 30, 1996, are subject to IIRIRA's Transitional Rules. IIRIRA § 309(c)(4)(E); *Kalaw v. I.N.S.*, 133 F.3d 1147, 1150 (9th Cir. 1997). Both parties agree that deportation proceedings in this case were governed by the Transitional Rules, as petitioner's deportation proceedings were initiated on April 1, 1994, and his final order of deportation, after the case was reopened, was entered on December 16, 2004. Further, both parties agree that on December 16, 2004, the IJ granted petitioner voluntary departure under INA § 244(e), 8 U.S.C. § 1254(e)(1996), the voluntary departure statute that existed prior to the enactment of IIRIRA. (Dkt. #16 at R123, 128).

Prior to IIRIRA, the authority for voluntary departure was contained in INA § 244(e), which provided no time restriction on the period of voluntary departure. *Azarte v. Ashcroft*, 394 F.3d 1278, 1284 (9th Cir. 2005). Further, extensions of the voluntary departure period were generously permitted. *Id.* at 1287. IIRIRA, however, introduced a statutory limit to the amount of time allowed for voluntary departure, authorizing a maximum of 120 days if voluntary departure is granted at the beginning of removal proceedings, and 60 days if voluntary departure is granted at the conclusion of removal proceedings. INA § 240B, 8 U.S.C. § 1229c; 8 C.F.R. § 1240.26.

Petitioner argues that because his deportation proceedings were governed by pre-IIRIRA rules, his request for extension of voluntary departure should also be governed by pre-IIRIRA Section 244(e). Respondents contend that petitioner's request for an extension of voluntary departure is a "separate and distinct proceeding" from petitioner's deportation proceedings and is governed by post-IIRIRA Section 240B, and the regulations promulgated under that Section.

REPORT AND RECOMMENDATION
PAGE – 7

(Dkt. #14 at 6-7, 12-13).  The Court disagrees.

IIRIRA Section 240B, governing voluntary departure, provides, in part, as follows:

> **§ 1229c [§ 240B].  Voluntary departure**
> . . .
> **(b)  At conclusion of proceedings**
>     **(1)  In general**
>         The Attorney General may permit an alien voluntarily to depart the United States at the alien's own expense if, at the conclusion of <u>proceedings under section 1229a [INA § 240]</u>, the immigration judge enters an order granting voluntary departure in lieu of removal . . .

8 U.S.C. § 1229c (emphasis added).  Thus, by its terms, Section 240B is inapplicable to petitioner's deportation proceedings conducted under pre-IIRIRA Section 242, not post-IIRIRA Section 240.

Likewise, the regulations promulgated by the United States Citizenship and Immigration Services ("USCIS") under Section 240B are inapplicable.  *See* 8 C.F.R. § 1240, Subpart C.  Subpart C provides, "In no event can the total period of time, including any extension, exceed 120 days or 60 days <u>as set forth in section 240B of the Act</u>."  8 C.F.R. § 1240.26(f).  Again, by its terms, the regulation does not apply to petitioner's deportation proceedings which were governed by pre-IIRIRA Section 242.  Rather, 8 C.F.R. § 1240, Subpart F specifically applies to pre-April 1, 1997 deportation cases.  Subpart F provides, in part, as follows:

> **§ 1240.55 Proceedings commenced prior to April 1, 1997**.
>     <u>Subpart F of CFR part 1240 applies to deportation proceedings commenced prior to April 1, 1997</u>.  A deportation proceeding is commenced by the filing of Form I-221 (Order to Show Cause) with the Immigration Court, and an alien is considered to be in deportation proceedings only upon such filing, except in the case of an alien admitted to the United States under the provisions of section 217 of the Act.  <u>All references to the Act contained in this subpart are references to the Act in effect prior to April 1, 1997</u>.
> . . .
>
> **1240.57 Extension of time to depart**.
>     Authority to reinstate or extend the time within which to depart voluntarily

REPORT AND RECOMMENDATION
PAGE – 8

> specified initially by an immigration judge or the Board is within the sole discretion of the district director, except that an immigration judge or the Board may reinstate voluntary departure in a deportation proceeding that has been reopened for a purpose other than solely making an application for voluntary departure.  A request by an alien for reinstatement or an extension of time within which to depart voluntarily should be filed with the district director having jurisdiction over the alien's place of residence.  Written notice of the district director's decision shall be served upon the alien and no appeal may be taken therefrom.

8 C.F.R. § 1240 Subpart F (emphasis added).  Unlike Subpart C, Subpart F provides no limit to the total period of time permitted for extensions of voluntary departure for proceedings commenced prior to April 1, 1997, such as petitioner's deportation proceedings.

Respondents also argue that IIRIRA applies to all actions commenced after April 1, 1997.  Respondents assert that petitioner's request for extension of voluntary departure filed in November 2005 is a "separate and distinct" action rather than an extension of petitioner's deportation proceedings, and, therefore, is governed by post-IIRIRA rules.  (Dkt. #21 at 2).  Respondents again cite *Tutu*, 9 F. Supp. 2d at 534 (E.D. Penn. 1998), and *Saccoh*, 24 F. Supp. 2d at 406 (E.D. Penn. 1998), in support of their argument that the post-IIRIRA rules apply to petitioner's request for extension of voluntary departure.  However, these cases are not proper precedent to the extent that they are inconsistent with the Transitional Rules and regulations promulgated in Section F of Section 1240.

This Court finds that any request by petitioner to extend voluntary departure is governed by former INA § 244(e) and 8 C.F.R. § 1240.55-57 because proceedings in this case were commenced before April 1, 1997.  The decision by the agency denying petitioner's request for extension of voluntary departure is contrary to the provisions of INA § 244(e) and 8 C.F.R. § 1240.57, under which there is no limit upon the duration of voluntary departure.

Petitioner asks this Court to extend his voluntary departure for a period of one year or,

REPORT AND RECOMMENDATION
PAGE – 9

in the alternative, to enter an order requiring the government to fairly evaluate petitioner's request for voluntary departure and exercise discretion in accordance with the law. The decision whether to grant an extension of voluntary departure is within the sole discretion of the district director. *See* INA § 244(e), 8 U.S.C. § 1254(e); 8 C.F.R. § 1240.57. Neither former INA § 244(e) nor any other section of the INA or regulations authorizes this Courts to extend voluntary departure. However, the Court remands this matter to the District Director to apply the proper pre-IIRIRA rules to petitioner's request for voluntary departure.

## IV. CONCLUSION

For the foregoing reasons, I recommend that petitioner's habeas petition be GRANTED, and that respondents' motion to dismiss be DENIED. A proposed Order accompanies this Report and Recommendation.

DATED this 26th day of April, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 10