1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ERIK BOBADILLA RODRIGUEZ,

　　　　　Petitioner,

　　v.

ALBERTO R. GONZALES, *et al.,*

　　　　　Respondents.

CASE NO. C05-2082-RSM-MJB

REPORT AND RECOMMENDATION
RE: ATTORNEY'S FEES UNDER 28
U.S.C. § 2412 (EAJA)

I.　INTRODUCTION AND SUMMARY CONCLUSION

On December 16, 2005, petitioner Erik Bobadilla Rodriguez, proceeding through counsel,

filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging a decision

by the U.S. Immigration and Customs Enforcement ("ICE") to deny his request for an extension

of voluntary departure based on the erroneous conclusion that he had already been granted the

maximum allowable under the law.  (Dkt. #1).  On April 25, 2006, the undersigned Magistrate

Judge issued a Report and Recommendation ("R&R"), recommending that petitioner's habeas

petition be granted and that the matter be remanded to the District Director for the purpose of

reevaluating petitioner's request for extension of voluntary departure in accordance with the

Transitional Rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996

REPORT AND RECOMMENDATION
PAGE – 1

("IIRIRA").  (Dkt. #22).  On June 13, 2006, the Honorable Ricardo S. Martinez, United States District Judge, adopted the R&R, granted the habeas petition, and remanded to the District Director for consideration of petitioner's request for extension of voluntary departure.  (Dkt. #24).

On June 30, 2006, respondents issued a Warrant of Arrest and a "Bag & Baggage" letter, directing petitioner to report for removal on July 6, 2006.  As a result, petitioner re-filed his habeas petition in this Court, along with an ex parte motion for stay of removal.  (Dkts. #26, 27). Respondents represented to the Court that they did not oppose a stay of removal, but also represented that the Bag & Baggage letter was issued in error and would be withdrawn immediately.  Accordingly, the Court denied petitioner's ex parte motion for stay of removal as moot.  (Dkt. #28).  ICE subsequently granted petitioner's request for an extension of voluntary departure.  On August 28, 2006, petitioner voluntarily withdrew his re-filed habeas petition. (Dkt. #30).  On September 10, 2006, petitioner filed the instant motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.  (Dkt. #31).

Having considered the materials submitted in support of and opposition to petitioner's motion, I recommended that the Court GRANT petitioner's motion for attorney's fees in the amount $32,876.70.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner Erik Bobadilla Rodriguez is a native and citizen of Mexico.  (Dkt. 16 at R89). On or about November 27, 1990, he entered the United States with his mother without inspection at or near San Ysidro, California, when he was three years old.  (Dkt. #16 at R4, R14).

On April 1, 1994, petitioner and his mother were served with Orders to Show Cause, placing them in removal proceedings, and charging them with being removable for entering the

REPORT AND RECOMMENDATION
PAGE – 2

United States without inspection under Section 241(a)(1)(B) of the Immigration and Nationality Act ("INA").  (Dkt. #16 at L1-4).  On September 14, 1994, petitioner and his mother appeared, with counsel, for a consolidated hearing before an Immigration Judge ("IJ").  (Dkt. #16 at L180-92).  Both petitioner and his mother conceded proper service and answered the allegations contained in the Orders to Show Cause.  (Dkt. #16 at L190).  On March 6, 1995, petitioner and his mother filed applications for suspension of deportation.  (Dkt. #16 at L13-15).  On January 11, 1996, the IJ issued an oral decision denying both petitioner's and his mother's applications for suspension of deportation, but granting them voluntary departure until July 11, 1996, in lieu of deportation.[1]  (Dkt. #16 at L194).  Petitioner and his mother timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  On August 3, 1999, the BIA denied their appeal, but, pursuant to the IJ's order, permitted them to voluntarily depart the United States within 30 days.  (Dkt. #16 at L222-25).

Petitioner and his mother did not depart the United States.  On July 9, 2003, they filed motions to reopen to determine their eligibility to apply for suspension of deportation based on a settlement agreement reached in the class action entitled *Barahona-Gomez v. Ashcroft*, 243 F. Supp. 2d 1029 (N.D. Cal. December 18, 2002).  (Dkt. #16 at L27).  On October 6, 2003, pursuant to the settlement agreement, the BIA reopened the deportation proceedings *sua sponte*, vacated its prior decision, and remanded to the Immigration Court to allow petitioner and his mother to apply for "renewed suspension" of deportation.  (Dkt. #16 at L227-28).  At the Individual Hearing on December 16, 2004, the IJ granted petitioner's mother's applications for adjustment of status and suspension of deportation, but found petitioner ineligible to adjust his status and denied his

---

[1]Voluntary departure allows an alien to leave the United States without being subject to the legal consequences that flow from a deportation order.  8 U.S.C. § 1182(a)(6)(B).

REPORT AND RECOMMENDATION
PAGE – 3

application for suspension of deportation.  The IJ granted petitioner voluntary departure from the United States pursuant to pre-IIRIRA INA § 244(e)(1), 8 U.S.C. § 1254(e)(1996), for one year, until December 16, 2005.  (Dkt. #16 at R123, R128).  Petitioner waived appeal of the IJ's decision.

On November 23, 2005, approximately one month before his voluntary departure date, petitioner requested an extension of his voluntary departure so that he could complete his education and continue to help care for his mentally disabled U.S. citizen brother.  (Dkt. #16 at R51-54).  On December 2, 2005, Field Office Director A. Neil Clark denied petitioner's request for extension of voluntary departure, stating:

> The amount of time that you have been granted to depart voluntarily is the maximum allowable under the law in your situation.  You are, therefore, prohibited from applying for or being granted any further voluntary departure.

(Dkt. #16 at R167).

On December 16, 2005, petitioner filed a petition for writ of habeas corpus in this Court, challenging the decision by ICE to deny his request for an extension of voluntary departure based on the conclusion that he had already been granted the maximum allowable under the law.  (Dkt. #1). The undersigned agreed with petitioner, and recommended that the matter be remanded to the District Director for the purpose of reevaluating petitioner's request for extension of voluntary departure in accordance with IIRIRA.  (Dkt. #22).  On June 13, 2006, Judge Martinez adopted the R&R, granted the habeas petition, and remanded to the District Director for consideration of petitioner's request for extension of voluntary departure.  (Dkt. #24).  At the same time, the Court ordered that the stay of voluntary departure previously granted by the Court would remain in effect until respondents had issued a decision on petitioner's request for extension of voluntary departure. In the event that petitioner's request for extension of voluntary departure was not granted, the Court ordered that the stay of voluntary departure would remain in effect for an additional 20 days from the

REPORT AND RECOMMENDATION
PAGE – 4

date respondents' decision was issued so that petitioner could re-file his habeas petition in this Court.

On June 30, 2006, respondents issued a Warrant of Arrest and a "Bag & Baggage" letter, directing petitioner to report for removal on July 6, 2006. As a result, petitioner re-filed his habeas petition in this Court, along with an ex parte motion for stay of removal. (Dkts. #26, 27). Respondents represented to the Court that they did not oppose a stay of removal, but also represented that the Bag & Baggage letter was issued in error and would be withdrawn immediately. Accordingly, the Court denied petitioner's ex parte motion for stay of removal as moot. (Dkt. #28). ICE subsequently reconsidered petitioner's request for extension of voluntary departure, and granted the request. On August 28, 2006, petitioner voluntarily withdrew his re-filed habeas petition. (Dkt. #30).

Petitioner's attorney now moves for an award of attorney's fees. Specifically, petitioner requests an award of $31,865.56 for 189.60 hours. Respondents have agreed that petitioner is entitled to attorney's fees for the first habeas petition and the instant motion for attorney's fees. However, respondents oppose the request for attorney's fees with respect to petitioner's re-filed habeas petition and ex-parte motion for stay of removal. Petitioner disputes respondents' arguments and requests an additional $1,011.14 for time to prepare a reply brief, for a revised total of $32,876.70.

## III.  DISCUSSION

The Equal Access to Justice Act ("EAJA") provides, in pertinent part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction over than action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

REPORT AND RECOMMENDATION
PAGE – 5

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Accordingly, the Court must determine whether petitioner was the "prevailing party" in this action, and then whether the position of the United States was "substantially justified."

Respondents concede that, under EAJA, petitioner is entitled to reasonable attorney's fees for the first habeas petition, and the instant motion for attorney's fees.  However, respondents oppose petitioner's request for attorney's fees for the re-filed habeas petition, and the ex parte motion for stay of removal, arguing that petitioner was not the prevailing party and that respondents' position in this case was substantially justified.

A.  Prevailing Party

A party can be found to prevail when there is a "material alteration of the legal relationships of the parties," and the material alteration is "judicially sanctioned." *Carbonell v. INS,* 429 F.3d 894, 898 (9th Cir. 2005) (citing *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604-05, 121 S. Ct. 1835, 1840, 149 L. Ed. 2d 855 (2001)).  A material alteration of the legal relationships of the parties occurs when one of the parties is required to do something directly benefitting the other party that they would not otherwise have had to do.  *Id.* at 900 (holding that a stipulation for stay of departure materially altered the legal relationship between the parties).  "A party need not succeed on every claim in order to prevail.  Rather, a plaintiff prevails if he 'has succeeded on any significant issue in litigation which achieved some of the benefit [he] sought in bringing suit." *Id.*, n.5 (citation omitted).  A litigant prevails for purposes of awarding EAJA fees without a judicial judgement as long as the action has sufficient "judicial imprimatur." *Id.* at 899.

Here, respondents argue that petitioner was not the prevailing party with respect to petitioner's re-filed habeas petition and ex parte motion for stay because the ex parte motion was

REPORT AND RECOMMENDATION
PAGE – 6

1    denied by the Court as moot on July 5, 2006, the same day it was filed, and the re-filed habeas

2    petition was voluntarily dismissed by petitioner on August 28, 2006.  Respondents assert that

3    petitioner did not obtain a "material alteration of his status" because relief was not obtained as a

4    result of the re-filed habeas petition or ex parte motion for stay.  Petitioner argues that he is the

5    prevailing party because (1) the re-filed habeas petition and motion for stay were necessary to

6    secure the final result of the Order and Judgment of the Court, and (2) the Court ordered relief in

7    response.  Petitioner further contends that EAJA fees are available for post-judgment proceedings

8    which are necessary for the prevailing party to vindicate his rights under the Court's order.  (Dkt.

9    #35 at 2).  The Court agrees that petitioner is the prevailing party on both the re-filed habeas

10   petition and the ex parte motion for stay of removal because petitioner's post-judgment

11   proceedings were necessary to enforce the Court's Order, and because the Court judicially

12   sanctioned the result in this matter.  *See Pennsylvania v. Delaware Valley Citizens' Council for*

13   *Clean Air*, 478 U.S. 546, 559, 106 S. Ct. 3088 (1986) (recognizing that post-judgment motions

14   that are necessary to enforce the Court's order are compensable).

15        On June 13, 2006, the Court ordered respondents to remand this matter to the District

16   Director for consideration of petitioner's request for extension of voluntary departure in

17   accordance with the Transitional Rules.  Despite this Court's Order, on June 30, 2006,

18   respondents issued a Warrant of Arrest and a "Bag & Baggage" letter, directing petitioner to

19   report for removal on July 6, 2006.  As a result, petitioner re-filed his habeas petition in this

20   Court, and an ex parte motion for stay of removal.

21        Respondents represented to the Court that the Bag and Baggage letter was issued in error

22   and that it would be immediately withdrawn.  Respondents further represented that they had

23   informed petitioner's counsel that he may disregard the letter.  Based on respondents'

24

25   REPORT AND RECOMMENDATION

26   PAGE – 7

1
2
3
4

representations, the Court denied petitioner's ex parte motion for stay as moot, but re-emphasized that the Court's previous stay of voluntary departure remains in effect and that respondents may not remove petitioner from the United States.  Accordingly, petitioner was awarded relief by the Court.

5
6
7
8
9
10
11
12

Respondents contend that "[h]ad Petitioner, or his counsel, contacted the Government's counsel prior to filing the ex parte motion for stay of removal and the second habeas petition, this mistake could have been discovered and resolved without ever having to file the ex parte motion for stay of removal and the second habeas petition."  (Dkt. #34 at 6).  Respondents' argument, however, presupposes that petitioner's counsel would have reason to suspect that the Bag & Baggage letter and Warrant of Arrest were issued in error.  Furthermore, there is no requirement that petitioner's counsel contact the Government before filing a brief to enforce the Court's Order and Judgment and protect his client from removal.

13
14
15
16

Because respondents did not comply with the Court's June 13, 2006 Order, and instead took steps to remove petitioner from the United States, the Court finds that petitioner's re-filed habeas petition and ex parte motion for stay were necessary to secure the relief granted by the Court and that petitioner is the prevailing party.

17

B.  Substantially Justified

18
19
20
21
22
23
24

The Supreme Court has defined the term "substantially justified" as "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).  To be substantially justified, the government must have "a reasonable basis both in fact and in law." *Id.* at 568.  The Ninth Circuit has held that the government must be substantially justified during both the underlying agency action and the litigation itself.  *Al-Harbi v. INS*, 284 F.3d 1080, 1084-85 (9th Cir. 2002).  Thus, the government must meet this threshold twice – once with

25
26

REPORT AND RECOMMENDATION
PAGE – 8

1  regard to the underlying agency action, and then with regard to its litigation position in the

2  proceedings arising from that action.  *See, e.g., Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)

3  ("The inquiry into the existence of substantial justification therefore must focus on two

4  questions: first, whether the government was substantially justified in taking its original action;

5  and, second, whether the government was substantially justified in defending the validity of the

6  action in the court.").  The government has the burden of establishing that the facts alleged

7  support the legal theories advanced.  *Id.*  Applying these standards, the Court finds that ICE's

8  issuance of the "Bag and Baggage" letter and Warrant of Arrest was not substantially justified.

9  The government concedes that ICE issued the June 28, 2006 Bag and Baggage letter and

10  Warrant of Arrest in error.  The government argues, however, that its litigation position was

11  substantially justified because it withdrew the letter and notified the Court and petitioner's

12  counsel that it did not intend on removing petitioner.  Notwithstanding the government's

13  reasonable litigation position, the Court finds that ICE had no reasonable basis to initiate

14  petitioner's removal from the United States by issuing a Bag and Baggage letter and Warrant of

15  Arrest in contravention of this Court's order.  The government's subsequent litigation position

16  cannot cure an underlying agency action that was unreasonable.  *See Commissioner, INS v. Jean*,

17  496 U.S. 154, 159 n.7, 110 S. Ct. 2316 (1990) ("The 'Government error' referred to is not one of

18  the Department of Justice's representatives litigating the case, but is rather the government action

19  that led the private party to the decision to litigate.").  Accordingly, the government's position

20  was not substantially justified and petitioner should be awarded attorney's fees.

21      C.  Amount of Award

22      The party seeking fees must submit "an itemized statement . . . stating the actual time

23  expended and the rate at which fees and other expenses were computed."  28 U.S.C. §

24  2412(d)(1)(B).  The appropriate number of hours includes all time "reasonably expended in

25  pursuit of the ultimate result achieved"  *Hensley v. Eckerhart*, 461 U.S. 424, 431, 103 S. Ct. at

26  REPORT AND RECOMMENDATION
PAGE -9 -

1    1933, 76 L. Ed. 2d 40 (1983).  However, "excessive, redundant, or otherwise unnecessary" hours

2    should be excluded from the fee award.  *Id.* at 434.  Although the fee applicant bears the burden

3    of documenting the appropriate hours expended, "the party opposing the fee application has a

4    burden of rebuttal that requires submission of evidence to the district court challenging the

5    accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in

6    its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1993).

7         Petitioner's attorney Russell Pritchett has submitted a sworn declaration and supporting

8    time sheets specifying the action taken, the amount of time spent, and the date of the work.  (Dkt.

9    #31, Ex. 2).  Petitioner's attorney has claimed a total of 189.60 hours litigating the merits of his

10   case.  Having reviewed the declarations submitted, and based on the Court's familiarity with this

11   case, the undersign concludes that the total of 189.60 hours is reasonable.  Based on the Court's

12   review, it does not appear that the above tally contains excessive, redundant, or unnecessary

13   hours.  Further, the number of hours sought are documented by contemporaneous time records

14   maintained by petitioner's attorneys.

15        Respondents concede that an award of EAJA fees is appropriate in this case, but request

16   that the 189.60 hours petitioner has requested be reduced to discount the time spent on the

17   second habeas petition and ex-parte motion for stay of removal.  (Dkt. #34 at 8).  Because the

18   Court has determined that petitioner was the prevailing party and that respondents' position was

19   not substantially justified, the Court rejects respondents request to discount the time spent on the

20   second habeas petition and ex-parte motion for stay of removal.

21        The Court finds the total time of 189.60 hours spent by petitioner's attorney to resolve

22   this matter to be reasonable.  Petitioner has provided sufficient itemized statements of how the

23   time was distributed.  The Court therefore recommends that petitioner be awarded $31,865.56 in

24   attorney's fees.  The Supreme Court has also determined that petitioners who are eligible for fees

25   under EAJA are also entitled to recover fees for time they expend litigating their request for fees.

26   REPORT AND RECOMMENDATION
     PAGE -10 -

*Commissioner, INS v. Jean*, 496 U.S. at 160.  Thus, the Court further recommends that petitioner be awarded an additional $1,011.14 for the additional 6.12 hours spent replying to respondents' opposition, for a total of $32,876.70.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court finds that petitioner is the prevailing party, the government's position was not substantially justified, and there are no special circumstances making an award unjust.  Therefore, the Court recommends that petitioner's motion for attorney's fees pursuant to EAJA be granted in the amount of $32,876.70.  A proposed order accompanies this Report and Recommendation.

DATED this 10th day of January, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -11 -